JAMES M. GREEN, administrator *de bonis non* et al., vs. THOM-
AS L. Ross and wife, et al.

*When causes are referred to an arbitrator who is to pass upon questions of
law and fact, and also all the equities involved, with the right of any party in-
terested to appeal therefrom to the Supreme Court on any question of law or
equity psssed upon and decided, the Court will not reverse the judgment of
the Court making the award its judgment, if the law and equity upon the:
facts as found by the arbitrator are correctly administered.*

In equity, Bibb Superior Court, decision by Judge Pow-
ERS, June, 1857.

The question adjudicated in this case will sufficiently ap-
pear from the decisiom. The Court having held and deci-
ded that no right of appeal from the finding of the *facts* by the
arbitrator was reserved, it is unnecessary to set out these facts
or the awards, both of which are very voluminous. The causes
named were "referred to the arbitrament and award of the Hon.
A. H. Chappell, who is to pass upon all the questions of law
and fact, and also all the equities involved—his award to
be delivered to the clerk of said Court, and be entered on
the minutes and made the judgment of said Court, with the
right of any party interested to appeal therefrom to the Su-
preme Court on any question of law or equity so passed up-
on and decided, within thirty days from said award."

The arbitrator made up his award and returned the same
to the Clerk of the Superior Court, then in session, and the
presiding Judge (ABNER P. POWERS) signed a decree or judg-
ment in pursuance of said award, and which judgment, with
the award and the journal of the arbitrator, was ordered to
be and was entered on the minutes of said Court.

To this award and the judgment of said Court, James M.
Green, administrator *de bonis non* of Samuel J. Ray, and H.
K. and J. M. Green excepted, upon the following grounds,
to wit:

1st. That the arbitrator erred in awarding that Ray &
Ross were partners in the public printing.

2d. That he erred in awarding that there was $2043,77 due to Calvin G. Wheeler out of the State printing fund as the assets of the firm of Ray & Ross.

3d. That he erred in deciding and awarding that the fund arising from the State printing was assets of the firm of Ray & Ross.

4th. That he erred in awarding to Thomas L. Ross the sum of $800 for his personal services in carrying on and completing the State printing job, after Ray's death, and also in awarding to him the sum of $1334,48 for his expenses in carrying on and completing said job.

5th. That he erred in deciding and awarding that the sums due to Calvin G. Wheeler and Thomas L. Ross were debts of a partnership character, against the assets of Ray & Ross.

6th. That he erred in awarding and deciding that the money in the hands of Thomas P. Stubbs, and the amount paid by Hall, administrator to the Messrs. Greens, was assets belonging to the firm of Ray and Ross, and that he also erred in awarding and decreeing that the said Greens should pay said money or any part thereof to said Wheeler and Ross, and in awarding that said Wheeler and Ross should be allowed to enter up judgments against said James M. Green, administrator as aforesaid, and said James M. Green and Henry K. Green.

7th. That he erred in awarding and deciding that the money or assets in the hands of the Messrs. Green were partnership assets to be equally divided between Thos. L. Ross, survivor, and James M. Green, administrator de bonis non of Samuel J. Ray.

8th. That he erred in awarding and deciding that the funeral expenses and expenses of the last illness of Samuel J. Ray should be paid by James M. Green, administrator, &c., out of the surplus in the hands of J. M. and H. K. Green, and also in awarding that H. K. and J. M. Green should pay

said administrator a sufficiency of said surplus for said purpose.

9th. That he erred in awarding and deciding that the price at which H. K. and J. M. Green purchased the Telegraph Printing Office, &c., was $7000 and that there was still any amount due from them to said Thomas L. Ross as survivor of Ray & Ross.

And be it further remembered that on the said 24th day of June, 1857, aforesaid, the said award having been returned and filed by said arbitrator, in the Clerk's office of said Court, his Honor did adjudge and decree that the same be made the judgment and decree of the Court, and the said James M. Green, administrator as aforesaid, and James M. and Henry K. Green on this the      day of July, 1857, being within thirty days from the adjournment of said Court do say that the Court erred,

1st. In adjudging and decreeing that the said Thomas L. Ross do recover of the said Thomas P. Stubbs the sum of $1492 76.

2d. In adjudging and decreeing that Calvin G. Wheeler do recover of said Thomas P. Stubbs the sum of $1220 37.

3d. In adjudging and decreeing that said Thomas L. Ross do recover of said James M. Green and Henry K. Green the sum of $1488 37, and in adjudging and decreeing that said Ross do recover of said James M. and Henry K. Green, partners, the sum of $820 05 for cost.

4th. In adjudging and decreeing that Calvin G. Wheeler do recover of James M. and Henry K. Green the sum of $823 40, and in adjudging and decreeing that said Wheeler do recover of said James M. and Henry K. Green the sum $16 25 for cost.

5th. In adjudging and decreeing that the said James M. Green and Henry K. Green, partners as aforesaid, do pay over to said James M. Green, administrator *de bonis non* of Samuel J. Ray, the sum of $592 65.

6th. In adjudging and decreeing that execution do issue

against the said James M. and Henry K. Green or either of them, for the various amounts adjudged against them.

POE & GRIER; and COLE, for plaintiffs in error.

STUBBS & HILL; NESBITS; WHITTLE; and RUTHERFORD, *contra.*

McDONALD, J., delivering the opinion.

This cause comes to this Court on exceptions to the decision of the Court below, making the award of the arbitrator the judgment of the Court. The causes pending between the several parties in this voluminous record were referred by the order of Court with the consent of parties, to the arbitrament and award of the Hon. Absalom H. Chappell. He was to pass on all the questions of *law* and *fact,* and also on all the equities involved. The right of any party interested to appeal to the Supreme Court from the decision of the arbitrator on any question of law or equity was reserved. No right of appeal from his finding of the facts was reserved. The majority of the Court is of opinion that the arbitrator, having found the facts as he did, pronounced correctly the law and equity of the causes arising on those facts as found; and that the most of the errors, if not every error assigned in the special assignments, when examined, will be found to be based on the finding of the facts.

It follows, as a matter of course, that if the errors are assigned on the finding of the facts alone, there is nothing that this Court can consider, and that the judgment must be affirmed.

I doubted in regard to two matters determined by the arbitrator, and I am not satisfied that he determined correctly in regard to them. The first is in regard to the State printing. I think there is a difference between a contract with the State for the public printing, and a contract for the execution of the job after it is engaged. A member of a printing firm may be chosen State printer. The acceptance

of the appointment makes him responsible for the public printing. It is an individual engagement. Other members of the firm are not committed or bound by the election, and may or may not refuse, if an opportunity be afforded them, to unite with the elected partner in the contract. He may nevertheless engage his own firm to do the work, paying them, for the work and pocketing the profit or loss himself. Ray, as the State printer, may have employed any other printer or printing firm to execute the job. If he employed his own firm, they became partners with him in the job, and whatever profit they may have made they should share with him; but if there was a difference between the price paid for executing the job and the price paid the State printer, the latter was entitled to that if more, and bound to pay if less. According to the evidence in this case, the arbitrator might have found that Mr. Ross was partner in the contract; or that he was partner in the job only. My own opinion is, that the preponderance of the evidence is in favor of the latter proposition. Mr. Ross says in his answer that Ray took and received him as an equal partner in the public printing, at the time the partnership of Ray & Ross was formed, and that was a part of the consideration which induced him to enter into the partnership. He does not say that he was taken as an equal partner in the contract. In fact, he does not seem to have known what the contract was, but he does seem to have heard that Ray had other partners in that, who were to share, in some way, in the profits of the business of State printing, but does not know it to be true; that S. T. Chapman claimed an equal interest in the profits, that the sum of five hundred dollars was paid him; that he paid Edward J. Hardin, *by order of Ray*, fifty dollars, and a thousand dollars more were paid out. Ray was to have the work done, and the profits were to be divided among the partners to the contract. The profits could only be ascertained by deducting from the contract price with the State, the price for which Ray undertook, with his partners, to execute the job

The job was executed by the same hands, no doubt, who executed other jobs for Ray & Ross, and if Ross was a partner, he was entitled to his share of the profits made by the job under Ray's contract with his co-partners in the contract, The testimony of Dr. Collins accords well with this view of the matter. He was called on by Ross to stand Ray's security as *State printer*, and when asked why he did not call on his own brothers to stand Ray's security, he replied, to the effect, that it was Ray's business, though he had an interest in it. Perfectly consistent with the fact that Ray's was the contract with the State and entitled to the profits of that contract; while Ray & Ross were to execute the job for Ray.

The arbitrator proceeded to decree precisely as though he had found that Ross was interested in the contract, and not in the job only. If that was his finding, his decree is in accordance with my opinion of the law. That was certainly the interpretation of the majority of the Court of the finding. The language of the arbitrator is, "that this job of State printing was embraced in the partnership as much as any other job which had been secured or engaged by Ray before the partnership, but were not commenced or executed until afterwards." According to the *words* of the award, Ross was interested in the job; according to the decree, to make it right, he must have been, in the opinion of the arbitrator, interested in the contract also. The majority of the Court may have construed the finding of the arbitrator correctly, that Ross was interested in that contract; but if that finding, being of a fact, be wrong, this Court, I conclude, has no power to correct it.

The other point on which I had some difficulty grows out of a decision of this Court on the effect of the lien of a judgment against one of the partners individually, on the interest of that partner in the property of the firm of which he is a member. If it be a lien on that interest, so as to entitle the purchaser of it, when sold, to take it divested of a lien for the firm debts, not reduced to judgment, (being judgments

of older date) then it is a prior legal lien, and according to the rules of a Court of Chancery, if there be funds in its hands, on which there is a legal lien over-riding equitable liens on the same fund, the legal lien must prevail. If it be a correct construction of our statute in respect to the lien of judgments on the property of the defendant, that a judgment against an individual member of the firm binds the partnership property of that member of the firm, to the exclusion of the equitable lien of partnership creditors, then the oldest legal lien on Ray's property ought to have prevailed.

I think that the decree of the arbitrator is in conformity with the old rule; but I do not see how it can stand consistently with the ruling of this Court to which I have adverted, and which I am not calling in question.

Judgment affirmed.